O

# United States District Court
# Central District of California

NORTH INVESTMENT LIMITED
PARTNERSHIP et al.,

               Plaintiffs,

     v.

TRINAD CAPITAL L.P. et al.,

               Defendants.

Case № 2:25-cv-05553-ODW (Ex)

**ORDER GRANTING DEFENDANT BERKOWER LLC'S MOTION TO DISMISS [25]**

## I.    INTRODUCTION

Plaintiffs North Investment Limited Partnership and Amy Elias bring this action alleging breaches of fiduciary duties and violations of securities laws stemming from their 2022 request to withdraw their capital from Defendant Trinad Capital L.P.  (First Am. Compl. ("FAC"), Dkt. No. 12.)  Defendant Berkower LLC, one of five defendants in this action, now moves to dismiss the three claims that Plaintiffs assert against it. (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 25.)  For the reasons discussed below, the Court **GRANTS** Berkower's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

In 2005, Plaintiffs invested as limited partners in Trinad, a fund controlled and managed by Defendant Robert S. Ellin.  (FAC ¶¶ 7–11.)  At the time, Ellin indicated that Plaintiffs could redeem their investment upon providing notice.  (*Id.* ¶ 22.)

On April 12, 2022, Plaintiffs decided to exercise their redemption right and submitted a written redemption request seeking to withdraw their capital from Trinad.  (*Id.* ¶ 28.)  In April 2023, Berkower, an accounting firm, prepared Schedule K-1s for Plaintiffs.  (*Id.* ¶ 29; FAC Ex. C ("K-1s"), Dkt. No. 12-1.)  The K-1s indicated that Plaintiffs received the capital they requested from Trinad.  (FAC ¶ 29; K-1s.)

However, those distributions did not occur.  (FAC ¶ 29.)  For over a year, Plaintiffs communicated with Ellin to resolve the issue of the missing distributions.  (*See id.* ¶¶ 31–42.)  Finally, in June 2024 and August 2024, Plaintiffs notified Berkower that the K-1s were inaccurate.  (*Id.* ¶ 53.)  Plaintiffs requested that Berkower revise the K-1s to accurately reflect that Trinad never distributed any capital to Plaintiffs.  (*Id.*)  Berkower responded that it could not act without approval from Trinad.  (*Id.*)

Based on the above allegations, on June 18, 2025, Plaintiffs filed the instant action against Berkower, Ellin, Trinad, and two other parties.  (Compl., Dkt. No. 1.)  Plaintiffs assert three causes of action against Berkower: (1) fraud, (2) aiding-and-abetting breach of fiduciary duty, and (3) violation of California's Unfair Competition Law ("UCL").  (FAC ¶¶ 86–92, 98–106.)  Berkower now moves to dismiss these three claims.  (Mot.)

## III.    LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule" or "Rules") 12(b)(6) for lack of a cognizable theory or insufficient facts pleaded to support an otherwise cognizable theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a motion to dismiss, a complaint need only satisfy

---

[2] All factual references derive from Plaintiffs' First Amended Complaint unless otherwise noted. Plaintiffs' well-pleaded factual allegations are accepted as true for purposes of resolving the Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones,* 319 F.3d 482, 494 (9th Cir. 2003). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Determining whether a complaint states a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court limits its review to the pleadings and must construe all factual allegations in the complaint "as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend, unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.    DISCUSSION

Berkower moves to dismiss three causes of action as asserted against it: (1) fraud, (2) aiding-and-abetting breach of fiduciary duty, and (3) violation of California's UCL. (FAC ¶¶ 86–92, 98–106; Mot.)

### A.    Fraud (Count 5)

Plaintiffs' fifth cause of action, fraud, requires scienter.  Specifically, a plaintiff alleging fraud must adequately plead that the defendant made a false representation "with knowledge of its falsity" and "with an intent to deceive."  *Lim v. The.TV Corp. Int'l*, 99 Cal. App. 4th 684, 694 (2002).

When alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake," but may generally allege "intent, knowledge, and other conditions of a person's mind."  Fed. R. Civ. P. 9(b).  While Rule 9 "excuses a party from pleading discriminatory intent under an elevated pleading standard," "[i]t does not give [the party] license to evade the less rigid—though still operative—strictures of Rule 8."  *Iqbal*, 556 U.S. at 686–87.  Thus, "claims of fraud . . . must, in addition to pleading with particularity, also plead plausible allegations."  *Cafasso, U.S. ex. rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).  "That is, the pleading must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the misconduct alleged.'"  *Id.* (citation modified) (quoting *Twombly*, 550 U.S. at 556).

While the parties principally discuss the particularity standard under Rule 9, (*see* Mot. 13–14; Opp'n 6–7, Dkt. No. 39), the Court finds that Plaintiffs do not meet the threshold plausibility standard of Rule 8.  Specifically, Plaintiffs do not plausibly allege that Berkower knew that the K-1s contained misrepresentations before issuing them. Plaintiffs' only allegation regarding Berkower's scienter at the time of the alleged misrepresentation is that, upon information and belief, "Berkower knowingly or recklessly participated in the dissemination of [the] K-1s." (FAC ¶ 54.) This allegation is conclusory and does not satisfy Plaintiffs' burden at the pleading stage.  *See, e.g.*, *Aliya Medcare Fin., LLC v. Nickell*, 156 F. Supp. 3d 1105, 1128 (C.D. Cal. 2015) (collecting cases and holding that conclusory allegations are "insufficient to plead intent to defraud plausibly").  Rather, Plaintiffs must identify facts that could lead to the plausible inference that Berkower knew Trinad did not consummate Plaintiffs'

4

withdrawal request despite issuing the K-1s that reflected otherwise. *See Twombly*, 550 U.S. at 555.

Plaintiffs argue that the Court can infer intent because they notified Berkower of the false K-1s in 2024. (Opp'n 7; FAC ¶ 53.) However, this fact has no bearing on Plaintiffs' fraud claim. Rather, to successfully plead fraud, Plaintiffs must allege that Berkower knew that Trinad did not disburse Plaintiffs' capital *at the time* Berkower represented otherwise in the K-1s. *See People v. Simon*, 9 Cal. 4th 493, 507 (1995) (defining scienter as "knowledge *at the time* the representation or omission occurs" (emphasis added)); *Benson v. Hamilton*, 126 Cal. App. 331, 334 (1932) ("[T]he essence of [promissory fraud] is the existence of an intent *at the time* of the promise not to perform it." (emphasis added)). As Berkower issued the K-1s in April 2023, (FAC ¶ 29), Berkower's knowledge of the falsity of the K-1s in 2024 does not lead to a plausible inference of scienter at the time Berkower issued the allegedly false K-1s.

For these reasons, the Court **DISMISSES** Plaintiffs' fifth cause of action as to Berkower **WITH LEAVE TO AMEND**.

**B.    Aiding-and-Abetting (Count 7)**

Plaintiffs' seventh cause of action, aiding-and-abetting, also requires scienter. A plaintiff alleging aiding-and-abetting must plead that the defendant had "actual knowledge of [a third party's] breach of fiduciary duties [owed to the plaintiff]." *Nasrawi v. Buck Consultants LLC*, 231 Cal. App. 4th 328, 343 (2014). Specifically, the defendant must have "knowledge of the specific primary wrong the defendant substantially assisted." *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005).

Plaintiffs' aiding-and-abetting claim fails for the same reason as their fraud claim. Plaintiffs point only to their one conclusory allegation that "Berkower knowingly or recklessly participated in the dissemination of [the] K-1s." (FAC ¶ 54; Opp'n 5.) As discussed above in the context of Plaintiffs' fraud claim, the Court cannot infer, based

on this single allegation, that Berkower knew Trinad failed to distribute Plaintiffs' capital to them.

Plaintiffs cite four cases for the proposition that "direct allegations of knowledge—even if general—are sufficient." (Opp'n 4–5.)  However, each of those cases contained other facts that made scienter plausible, as Plaintiffs seemingly acknowledge in their parentheticals for each case.  (*Id.* ("[A]llegations that bank monitored accounts, conducted diligence, and observed atypical activity supported actual knowledge inference.").)

For these reasons, the Court **DISMISSES** Plaintiffs' seventh cause of action as to Berkower **WITH LEAVE TO AMEND**.

**C.     Violation of California's UCL (Count 8)**

Berkower moves to dismiss Plaintiffs' eighth cause of action—violation of California's UCL—as derivative of Plaintiffs' fraud and aiding-and-abetting claims. (Mot. 14–15.)  Plaintiffs do not meaningfully dispute that this cause of action is derivative of their other claims against Berkower.  (*See* Opp'n 8–9.)  Indeed, Plaintiffs premise this cause of action on the same allegations that underly their fraud and aiding-and-abetting claims.  Specifically, Plaintiffs allege that Berkower issued "false K-1s that represented distributions had been made when no such payments occurred," and that Berkower did so "knowingly, or at a minimum, with reckless disregard for the truth." (FAC ¶ 104.)  This allegation is deficient because, as explained above, Plaintiffs do not state sufficient facts that allow for this inference. Thus, the Court **DISMISSES** Plaintiffs' eighth cause of action **WITH LEAVE TO AMEND**.

\\
\\
\\
\\
\\
\\

6

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Berkower's Motion and **DISMISSES** Plaintiffs' fifth, seventh, and eighth causes of action as pleaded against Berkower.   (Dkt. No. 25.)   Plaintiffs must file an amended complaint by **FEBRUARY 3, 2026**, in which case Berkower shall answer or otherwise respond within **fourteen (14) days** of Plaintiffs' filing.  If Plaintiffs do not timely amend, the dismissal will automatically convert to a dismissal with prejudice upon the lapse of the deadline and the Court will dismiss Berkower from this action with prejudice.

**IT IS SO ORDERED.**

January 20, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**